UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB BLOCK,

        Plaintiff,

v.

        Case No.: 22-11689
        Honorable Gershwin A. Drain

MARK SULKOWSKI, *et al*.,

        Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [#40] AND AMENDING SCHEDULING ORDER DATES

**I.    INTRODUCTION**

Presently before the Court is the Plaintiff's Motion for Leave to File First Amended Complaint, filed on September 27, 2023. Defendant Gary R. Brieschke Builder, LLC filed a Response to Plaintiff's Motion for Leave to File First Amended Complaint on October 6, 2023. Defendants Mark and Debra Sulkowski filed their Response on the same date.

In both responses, Defendants indicate that they will defer to this Court's discretion with respect to Plaintiff's request for leave to file an amended complaint; however, should the Court grant Plaintiff's request, Defendants ask that the Court extend the dispositive motion-cut off and trial dates in this matter. Upon review of

the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Plaintiff's Motion for Leave to File First Amended Complaint on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants in part and denies in part Plaintiff's Motion for Leave to File First Amended Complaint.

## II.     FACTUAL BACKGROUND

Plaintiff filed this action on July 22, 2022 alleging claims of general contractor negligence and gross negligence against Defendant Brieschke Builder (Count I) and general contractor negligence and gross negligence against the Sulkowski Defendants (Count II). Plaintiff sustained serious and permanent injuries while carrying shingles up a ladder while working at the Sulkowski Defendants' home. The Sulkowski Defendants contracted with Brieschke Builder to build their home, and Brieschke Builder hired Plaintiff's employer to place shingles on the roof.

The parties appeared for a scheduling conference in this matter on November 10, 2022, and were given a scheduling order with a discovery cutoff of July 30, 2023. On May 31, 2023, the Court granted the Plaintiff's Motion to Extend Scheduling Order dates by 60 days, which extended discovery cutoff to September 28, 2023. The day before the deadline for discovery to end, Plaintiff filed his Motion for Leave to File First Amended Complaint. Plaintiff seeks to add a breach

of contract claim against Defendant Brieschke Builder, as well as add negligent hiring and premises liability claims against the Sulkowski Defendants. Plaintiff maintains that he learned new facts during the course of discovery that were not known when he filed his original complaint.

### III. LAW & ANALYSIS

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. It states in relevant part:

> **(a)** **Amendments Before Trial**.
>
> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it,
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Rule 15(a) is intended to "enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed." *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.*, 913 F. Supp. 541, 543 (E.D. Mich. 1996). Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-

movant, or futility." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

As an initial matter, the Court notes that Plaintiff's original and proposed First Amended Complaint both suffer from poor drafting. For example, both lack clarity because they fail to state each claim "in a separate count." Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]"). Plaintiff's original complaint combines two claims in counts I and II. Similarly, Plaintiff's proposed First Amended Complaint combines breach of contract and gross negligence against Defendant Brieschke Builder in a single count. Plaintiff also includes negligent hiring and premises liability against the Sulkowski Defendants in a single count.

Moreover, the proposed First Amended Complaint contains two counts labeled "Count II." Additionally, it is not clear whether Plaintiff intends to remove his general contractor negligence and gross negligence claims against the Sulkowski Defendants, as well as remove his claim for general contractor negligence against Defendant Brieschke Builder. Finally, Plaintiff labels Count I, "General and Jurisdictional Allegations." This is not a proper claim. Similarly, a separate count for damages is not proper. *See Zora v. Bank of Am.*, No. 12-10953,

4

2012 U.S. Dist. LEXIS 124406, at *3 (E.D. Mich. Aug. 31, 2012) (concluding that damages "are a remedy, not an independent cause of action" and dismissing count). Plaintiff shall remedy these errors when he files his First Amended Complaint.

As to Plaintiff's proposed breach of contract claim, amendment to include this claim will be denied because the claim is futile. In order to designate a party as an intended third-party beneficiary to a contract, Michigan courts have required that the contract identify the party itself or the reasonably specific class to which the party belongs. *See Schmalfeldt v. N. Pointe Ins. Co.*, 469 Mich. 422, 429; 670 N.W.2d 651 (2003). However, Plaintiff only offers bare and conclusory allegations that he "was an intended 3rd party beneficiary" of the contract between the Sulkowski Defendants and Defendant Brieschke Builder. ECF No. 40, PageID.368. Plaintiff's proposed pleading is devoid of specific allegations supporting this contention. Absent further allegations, Plaintiff's breach of contract claim is futile. Plaintiff's request to add this claim will be denied.

As to Plaintiff's proposed negligent hiring and premises liability claims, the Court concludes that Plaintiff has been less than diligent in seeking to bring these additional claims. However, delay alone is not sufficient reason to deny leave to amend. *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007). Rather, undue delay causing significant prejudice must be shown in order to deny leave to

amend. *Id*. The Sixth Circuit considers several factors when determining whether significant prejudice to the opposing party will occur if amendment is permitted, including among other things, whether the amendment will require the opponent to expend significant additional resources to conduct discovery and prepare for trial, and if it would significantly delay resolution of the lawsuit. *See Rogers v. I.R.S.*, 822 F.3d 854, 857 (6th Cir. 2016).

Here, granting leave to amend to add these additional claims will not cause significant prejudice to Defendants. Indeed, none of the Defendants argue they will be significantly prejudiced and seek only a 60-day extension to the scheduling order dates if the Court grants Plaintiff's request. Because there is no evidence that amendment will cause the Defendants to expend significant additional resources or will significantly delay resolution of this matter, the Court will permit Plaintiff to amend his original complaint to include the new allegations and claims of negligent hiring and premises liability.

## IV.  CONCLUSION

For the reasons articulated above, Plaintiff's Motion for Leave to File First Amended Complaint [#40] is GRANTED IN PART and DENIED IN PART.

Plaintiff shall file a First Amended Complaint consistent with this Order <u>no later than November 6, 2023.</u>

Defendant Brieschke Builder shall file a Notice of Withdrawal of its Motion for Summary Judgment [ECF No. 44] no later than November 6, 2023. Defendant Brieschke Builder may refile its Motion for Summary Judgment by the new dispositive motion cutoff date.

The Scheduling Order shall be amended in this matter. **All of this Court's policies and procedures set forth in docket entry number 37 shall remain in effect.**

| THIRD AMENDED SCHEDULING ORDER YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Discovery cut-off: | November 27, 2023 |
| Dispositive motion cut-off: | December 29, 2023 |
| Facilitation: | January of 2024[1] |
| Settlement Conference with Magistrate Judge Elizabeth A. Stafford: | March of 2024 |
| Motions *in Limine* due: | March 5, 2024 |
| Final Pretrial Order due: | March 26, 2024 |
| Final Pretrial Conference: | April 2, 2024 at 2:00 p.m. |
| Jury Trial: | April 16, 2024 at 9:00 a.m. |
| Estimated Length of Trial: | Unknown |

---

[1] The parties shall submit the case to facilitation. A proposed stipulated order referring case to facilitation shall be submitted to the Court via the utilities function on CM/ECF no later than November 15, 2023. The proposed order must identify the facilitator and the date set for facilitation. Facilitation must occur no later than January 31, 2024.

SO ORDERED.

Dated:  October 30, 2023            <u>s/Gershwin A. Drain</u>
                                    GERSHWIN A. DRAIN
                                    United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 30, 2023, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager